# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAMEKA BURNETTE**, <br><br> Defendant. | Case No. 1:18-cr-00282 (TNM) |

## MEMORANDUM OPINION

Defendant Jameka Burnette pled guilty to a one count indictment charging her with escaping from custody in violation of 18 U.S.C. § 751(a). The indictment alleged that Burnette was in custody of the Bureau of Prisons "by virtue of a conviction" for a specified felony. At the time of her escape, Burnette was in custody following revocation of the supervised release imposed as part of her original sentence.

In its sentencing memorandum, the Government explains that the Court should apply U.S.S.G. § 2P1.1(a)(1), which mandates a base offense level of 13 if the custody is "by virtue of" a felony arrest or, as here, a conviction of any offense. Burnette, however, now contends that the Court should instead apply U.S.S.G. § 2P1.1(a)(2), which mandates a base offense level of 8 if the custody is "otherwise." Because the underlying criminal conviction was the but-for cause of her confinement, the proper base offense level is 13.

## I.

Burnette was convicted of Attempted Assault with a Dangerous Weapon in 2014. Statement of Offense at 2, ECF No. 5. Her supervised release for that conviction was eventually

revoked, and the U.S. Parole Commission sentenced her to 16 months' imprisonment.[1] *Id.* Burnette was allowed to complete her sentence at the Fairview Halfway House. *Id.* In July 2018, Burnette signed out of the Fairview Halfway House for Community Connections but never returned. *Id.* Three months later, she was apprehended on an escape warrant. *Id.*

A federal grand jury charged that Burnette "did knowingly escape from the custody of the Bureau of Prisons, an institutional facility in which she was lawfully confined at the direction of the Attorney General by virtue of a judgement and commitment of the Superior Court for the District of Columbia upon conviction for the commission of Assault with a Dangerous Weapon, a violation of Title 22, District of Columbia." Indictment, ECF No. 1.

She pled guilty to the indictment in December 2018. Plea Agreement at 1, ECF No. 4. Relevant here, the plea agreement stated that the parties agreed that her base offense level was 13 under § 2P1.1(a)(1) of the Sentencing Guidelines. *Id.* at 2. But Burnette now argues in her sentencing memorandum that the base offense level should be 8, not 13. Def.'s Mem. in Aid of Sentencing ("Def.'s Mem.") at 4, ECF No. 10. The Probation Office and the Government disagree, stating that her base offense level is 13. *See* U.S.'s Mem. in Aid of Sentencing ("Gov't's Mem.") at 2, ECF No. 11; Presentence Investigation Report ("PSR") ¶ 12, ECF No. 8.[2]

---

[1] The Commission exercises jurisdiction over supervised release violations, like this one, originating from the Superior Court of the District of Columbia.

[2] Burnette mentions that the Probation Office—in another case—once advised that the base offense level in similar circumstances is 8, not 13. But the Probation Office is not bound by its prior recommendations. Burnette herself has changed her position on this issue since signing her plea agreement. *See* Plea Agreement at 2. While she *is* bound by her plea agreement, the Government has not suggested that she is in breach, so the Court considers her new position here.

## II.

Burnette argues that she was in custody at the Fairway Halfway House "by virtue of" her supervised release revocation, not "by virtue of" her attempted assault conviction. Def.'s Mem. at 5. Toward this end, Burnette directs the Court's attention to *United States v. Halfacre*, No. 18-CR-00125 (ABJ). During the sentencing hearing, another judge of this district found that the base offense level under § 2P1.1(a) was 8 when the defendant escaped from custody that had been imposed after he violated the terms of his supervised released. Sentencing Tr. at 28–29, ECF No. 22, *United States v. Halfacre*, No. 18-CR-00125 (ABJ). The judge explained that she was "not particularly moved by this if-you-give-a-mouse-a-cookie approach to causation" presented by the Government. *Id.* at 25. Rejecting what she saw as too attenuated causation, she found that the defendant was in custody "by virtue" of the revocation of his supervised release, not his original conviction. *Id.* at 28–29.

It is true that Burnette was in custody because her supervised release was revoked. But the Court rejects Burnette's invitation to accept a false dichotomy. She was only on supervised release to begin with *because of* her underlying criminal conviction. In other words, her criminal conviction was the but-for cause of her custody at the time.

As Burnette admits, the weight of authority is against her. Three federal courts of appeals have held that a defendant's incarceration after revocation of supervised release is custody "by virtue of" the underlying criminal conviction, meaning that a base offense level of 13 applied. *See United States v. Patterson*, 230 F.3d 1168, 1171–72 (9th Cir. 2000); *United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998); *United States v. Pynes*, 5 F.3d 1139, 1140 (8th Cir. 1993) (per curium). And at least one other judge in this district has said the same. *See*

Sentencing Tr. at 15, ECF No. 35, *United States v. Weems*, No. 18-CR-00136 (JDB). Burnette has pointed to no published opinions from any court to the contrary.

Consideration of the text of the underlying criminal statute, 18 U.S.C. § 751(a), is instructive. Section 751(a) distinguishes based on the seriousness of the offense. It imposes a maximum of five years of incarceration for someone who escapes if the custody "is by virtue of an arrest on a charge of felony, or conviction of any offense." 18 U.S.C. § 751(a). But it sets a maximum of *one* year for someone who escapes from custody "for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction." *Id.* In other words, Congress provided for felony and misdemeanor escape offenses, depending on the seriousness of the underlying conduct.

And § 2P1.1(a) follows suit, imposing a base offense level of 13 "if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense," roughly tracking the five-year offense, but only a base offense level of 8 if "otherwise," pointing to the misdemeanor provision. This makes sense as the Guidelines Sentencing Table for an offense level of 13 starts at 12 months and goes up from there—above the statutory maximum for the second category.

More, the "8, otherwise" language of Section 2P1.1(a)(2) originally read: "8, if from lawful custody awaiting extradition, pursuant to designation as a recalcitrant witness or as a result of a lawful arrest for a misdemeanor." U.S.S.G. § 2P1.1(a)(2) (1987). While the prior version is not determinative, it does suggest the types of circumstances the Commission had in mind when it drafted "otherwise." *Pynes*, 5 F.3d at 1140. Burnette's case is not one of them.

Still, she urges the Court to apply the rule of lenity and interpret any ambiguity in § 2P1.1(a) in her favor. Def.'s Mem. at 8. The rule of lenity prevents the interpretation of a

federal criminal provision "so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *United States v. Villanueva–Sotelo*, 515 F.3d 1234, 1246 (D.C. Cir. 2008). This is not such a case. And even if there is ambiguity in § 2P1.1(a), that ambiguity certainly does not approach the type of "grievous ambiguity or uncertainty" to warrant the rule of lenity. *See United States v. Hite*, 769 F.3d 1154, 1163 (D.C. Cir. 2014).

There is yet another reason to find that Burnette's custody was "by virtue of" her attempted assault conviction: the language of her own indictment. She pled guilty to an indictment charging her with escape from custody by virtue of a conviction in violation of 18 U.S.C. § 751(a). That the custody-escaped-from was "by virtue of . . . conviction of any offense" is a statutory element of the crime charged and was specifically alleged in the indictment. 18 U.S.C. § 751(a). Having pled to the indictment, Burnette necessarily admitted to all the elements of the charge. She cannot now argue at sentencing that she was not in custody by virtue of a conviction. *Accord Patterson*, 230 F.3d at 1172.

## III.

For these reasons, the Court finds that Burnette's base offense level under § 2P1.1(a) is 13.[3]

Dated: March 5, 2019                             TREVOR N. McFADDEN, U.S.D.J.

---

[3] Of course, the Guidelines are only the starting point for an appropriate sentence under 18 U.S.C. § 3553(a), and the Court will consider all of the applicable factors and the parties' remaining arguments at the sentencing hearing.